FLETCHER, Judge.
We affirm the trial court’s two orders holding Xavier Hayes in criminal contempt. We do so notwithstanding that the trial court deviated from Rule 3.830, Florida Rules of Criminal Procedure, which rule governs direct criminal contempt proceedings and requires scrupulous compliance with its provisions.[1] See Poitier v. Spears, 750 So.2d 767 (Fla. 3d DCA 2000). The deviation, however, was technical and Hayes was ultimately afforded all the rights incorporated in Rule 3.830.[2] As *849 stated by the First District Court of Appeal in Saunders v. State, 319 So.2d 118 (Fla. 1st DCA 1975): “A step-by-step recitation of each provision of the subject procedural rule is not requisite upon the trial judge. The record of the proceeding when taken in its totality is the scale upon which fundamental rights must be weighed.”[3] Here, the totality scale was evenly balanced by the trial judge so as to provide Hayes with all his 3.830 rights and to assure that the business of the court could proceed notwithstanding Hayes’ disruptions.
Affirmed.

. Hayes does not contend that his actions were insufficient to justify his being held in direct criminal contempt. With good reason: our review of Hayes’ actions reveals them to be more than sufficient.

. Rule 3.830 reads:
"A criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts on which the adjudication of guilt is based. Prior to the adjudi *849 cation of guilt the judge shall inform the defendant of the accusation against the defendant and inquire as to whether the defendant has any cause to show why he or she should not be adjudged guilty of contempt by the court and sentenced therefor. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment shall be signed by the judge and entered of record. Sentence shall be pronounced in open court."

. See also B.M. v. State, 523 So.2d 1185 (Fla. 2d DCA 1988), citing and quoting Saunders.